UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -



MADU, EDOZIE & MADU, P.C.
  and JOHN EDOZIE,

                        Plaintiffs,                  **COMPLAINT**

            -against-                                Jury Trial Demanded

SOCKETWORKS LIMITED NIGERIA, ODREK
RWABWOGO, ANTHONY NWACHUKWU, PROSPER ADABLA,
and ALOY CHIFE,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

    Plaintiffs, MADU, EDOZIE & MADU, P.C. and JOHN EDOZIE (here-
after `Plaintiff'), by its attorneys, MARC E. ELLIOTT, P.C., as and
for its Complaint against Defendants, hereby alleges as follows:


### PRELIMINARY STATEMENT

    Plaintiff brings this action for breach of an Agreement by
which Defendants agreed that, as payment for services rendered,
they would, *inter alia*, issue shares of stock in certain companies
to Plaintiff and pay finders' fees as to other benefits received.
Plaintiff seeks compensatory and punitive damages, attorneys fees
(which are expressly provided for in the Agreement), a judgment
declaring it the owner of such stock and imposing a constructive
trust thereon to prevent transfers, and, for itself individually,
and derivatively on behalf of all the corporations in which it is
deemed to own stock, an accounting as to all damages suffered by
reason of Defendants's acts. Finally, claim is made against certain
Defendants for tortious interference with the parties' performance
of the Agreement.

## I. PARTIES

1. Plaintiff Madu, Edozie & Madu P.C. is a professional corporation duly formed under New York law for the practice of law with offices in New York, New York. Plaintiff John Edozie is a member of the firm and an attorney admitted to the New York Bar.

2. Defendant Anthony Nwachukwu resides at 117 Carriage Drive, Avon, Connecticut 06001-2309.

3. Defendant Odrek Rwabwogo is a resident of Kampoala, Uganda.

4. Defendant Aloy Chife is a permanent resident alien of the United States who resides in Texas. At all times material hereto he was Chief Executive Officer of Defendant SocketWorks Nigeria, Ltd.

5. Defendant Prosper Adabla is located care of SocketWorks Ghana, Ltd., House No. 20 Garden Street, Easto Legon, Accra, Ghana.

6. Defendant Socketworks Nigeria, Ltd is a foreign corporation located at 20 Admiralty Way, Lekki Phase I, Lagos, Nigeria.

## II. JURISDICTION AND VENUE

7. Jurisdiction is invoked under 28 U.S.C. §1332 as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Venue is laid in this judicial district pursuant to 28 U.S.C. §1391(a) as the district wherein Plaintiffs reside and where a substantial part of the events giving rise to Plaintiffs' claims occurred.

## III.    FACTUAL ALLEGATIONS

8. On or about June 29, 2006, Plaintiff and Defendants signed an agreement ("the Agreement", Exhibit A), which stated, inter alia, that as payment for Plaintiffs having introduced them to each other and third parties, Defendant SocketWorks Nigeria, Ltd. would create subsidiaries in Uganda, Ghana and Liberia in which Plaintiff would hold shares, and, furthermore, that Plaintiff would receive a finders' fee as to all benefits received by all parties.

9. The parties further agreed to not solicit or accept business from outside sources or their affiliates or circumvent each other or the other parties involved in their transaction.

10. Plaintiff has duly performed its part of the Agreement.

11. Though Defendants have frequently ratified the Agreement and acknowledged their liability thereunder, both verbally and in writing, they have breached the Agreement by failing and refusing to issue stock to Plaintiff as promised.

12. Moreover, Plaintiff has learned that recently Defendants, in violation of the Agreement, have transferred significant equity interests in Defendant SocketWorks Nigeria, Ltd.'s subsidiary corporations in Uganda, Ghana and Liberia to third parties.

## AS AND FOR A FIRST CAUSE OF ACTION

13. Plaintiff repeats, reiterates and realleges paragraphs one through twelve above as though the same were set forth fully at length herein.

3

14. There was and is a valid, binding and enforceable Agreement by and between the parties.

15. Defendants have breached their agreement with Plaintiff.

16. As a direct and proximate result of Defendants' breach of the Agreement as aforesaid, Plaintiff has been damaged in an amount to be determined, but believed to be in excess of Five Million Dollars ($5,000,000.00).

## AS AND FOR A SECOND CAUSE OF ACTION (UGANDA)

17. Plaintiff repeats, reiterates and realleges paragraphs one through sixteen above as though the same were set forth fully at length herein.

18. The amount of stock in the Uganda subsidiary of Defendants SocketWorks Nigeria, Ltd. which the parties agreed that Plaintiff would receive as compensation under the Agreement was three percent (3%) of the total shares issued and outstanding.

19. Plaintiff has made repeated demands that Defendants issue to him his agreed-upon shares of stock in the Uganda subsidiary of Defendants SocketWorks Nigeria, Ltd.

20. Defendants have failed and refused to do so.

21. Plaintiff has no adequate remedy at law.

22. Plaintiff respectfully requests the Court issue a judgment declaring Plaintiff to be the legal, equitable and beneficial owner of three percent (3%) of the total shares issued and outstanding of the Uganda subsidiary of Defendants SocketWorks Nigeria, Ltd.

23. Plaintiff further requests that this Court impose a constructive trust upon such shares so as to charge Defendants, their agents and employees and all those acting in concert with them, with the obligation to safeguard and secure Plaintiff's shares.

## AS AND FOR A THIRD CAUSE OF ACTION - (UGANDA)

24. Plaintiff repeats, reiterates and realleges paragraphs one through twenty-three above as though the same were set forth fully at length herein.

25. Plaintiff requests that this court issue a preliminary and a permanent injunction directing SocketWorks Nigeria, Ltd. to issue shares of stock in the Uganda subsidiary to Plaintiffs pursuant to the Agreement herein alleged and to physically deliver said shares to Plaintiffs forthwith.

## AS AND FOR A FOURTH CAUSE OF ACTION - (UGANDA)

26. Plaintiff repeats, reiterates and realleges paragraphs one through twenty-five above as though the same were set forth fully at length herein.

27. Plaintiff brings this claims derivatively on behalf of the Ghana subsidiary, since its business and prospects have been materially harmed by the Defendants' actions, and individually since the Defendant's actions have specifically damaged Plaintiff.

28. Plaintiff has not demanded that the other Defendants bring an action against the Uganda subsidiary since any such demand would be futile in light of the fact that Defendant Nwachukwu operates

the Uganda subsidiary and SocketWorks Nigeria, Ltd. and Nwachukwu effectively own ninety-five percent (95%) of the shares in the company and therefore have complete control over the company.

29. Plaintiff requests that the Court direct Defendants to account to Plaintiff for all damages sustained and to be sustained by it as a result of the actions complained of herein.

## AS AND FOR A FIFTH CAUSE OF ACTION - (GHANA)

30. Plaintiff repeats, reiterates and realleges paragraphs one through twenty-nine above as though the same were set forth fully at length herein.

31. Pursuant to the Agreement, as a result of further intro-ductions made by Plaintiffs, the parties herein agreed that Defendant SocketWorks Nigeria, Ltd. would create a subsidiary corporation in Ghana, to be known as SocketWorks Ghana (the Ghana subsidiary) and that the amount of stock in the Ghana subsidiary which Plaintiff would receive as compensation under the Agreement was three percent (3%) of the total shares issued and outstanding.

32. Plaintiff has made repeated demands that Defendants issue to him his agreed-upon shares of stock in the Ghana subsidiary of Defendants SocketWorks Nigeria, Ltd.

33. Defendants have failed and refused to do so, thereby breaching the Agreement, and damaging Plaintiff in an amount to be proven at trial but believed to be not less than Five Million Dollars ($5,000,000.00).

## AS AND FOR A SIXTH CAUSE OF ACTION - (GHANA)

34.  Plaintiff repeats, reiterates and realleges paragraphs one through thirty-three above as though the same were set forth fully at length herein.

35. Plaintiff has no adequate remedy at law.

36. Plaintiff respectfully requests his Court issue a judgment declaring Plaintiff to be the legal, equitable and beneficial owner of three percent (3%) of the total shares issued and outstanding of the Ghana subsidiary of Defendants SocketWorks Nigeria, Ltd.

37. Plaintiff further requests that this Court impose a constructive trust upon such shares so as to charge Defendants, their agents and employees and all those acting in concert with them, with the obligation to safeguard and secure Plaintiff's shares.

## AS AND FOR A SEVENTH CAUSE OF ACTION - (GHANA)

38. Plaintiff repeats, reiterates and realleges paragraphs one through thirty-five above as though the same were set forth fully at length herein.

39. Plaintiff requests that this court issue a preliminary and a permanent injunction directing SocketWorks Nigeria, Ltd. to issue shares of stock in the Ghana subsidiary to Plaintiffs pursuant to the Agreement herein alleged and to physically deliver said shares to Plaintiffs forthwith.

40. Plaintiff requests that this court issue a preliminary and a permanent injunction directing SocketWorks Nigeria, Ltd. to issue shares of stock in the Ghana subsidiary to Plaintiffs pursuant to the Agreement herein alleged and to physically deliver said shares to Plaintiffs forthwith.

## AS AND FOR AN EIGHTH CAUSE OF ACTION - (GHANA)

41. Plaintiff repeats, reiterates and realleges paragraphs one through forty above as though the same were set forth fully at length herein.

42. In or about October 2007, Defendant Adabla sent Plaintiff a purported Shareholders Agreement for the Ghana subsidiary of Defendants SocketWorks Nigeria, Ltd., which indicated therein that in direct contravention of the parties' Agreement, the Ghana subsidiary had issued shares of stock totaling twenty four percent (24%) of the total capital stock issued and outstanding to certain individuals and/or trusts outside the parties' original Agreement.

43. The actions of Defendant Adabla were aided and abetted by Defendant SocketWorks Nigeria, Ltd. And Defendant Nwachukwu in that the purported transfers of stock reflected in the Shareholders Agreement could not, under the terms of the Shareholders Agreement, be made without the prior knowledge and consent of Defendants SocketWorks Nigeria, Ltd. and Nwachukwu.

44. The actions of these Defendants are causing and will continue to cause irreparable harm to Plaintiff.

45. The actions of Defendant are directly interfering with Plaintiff's rights in respect of its stock ownership and its rights to enjoy the benefits of the non-circumvention provisions of the parties Agreement, and the damages arising and flowing from such interference are of such a serious and long lasting nature as to require enjoining and restraining these Defendants from continuing to violate the terms of the Agreement.

46. The breaches and violations of the Agreement as aforesaid are without the consent of Plaintiff and are continuing despite the fact that Plaintiff has objected to and protested such acts by the Defendants.

47. As a consequence of the foregoing, Plaintiff is entitled to an order restraining and enjoining the Defendants, pending the determination of this action and perpetually, from making any further transfers or conveyances of stock in the Ghana subsidiary corporation, and from otherwise interfering with Plaintiff's rights in respect of its stock ownership therein.

## AS AND FOR A NINTH CAUSE OF ACTION - (GHANA)

48. Plaintiff repeats, reiterates and realleges paragraphs one through forty-seven above as though the same were set forth fully at length herein.

49. The transfers of stock in the Ghana subsidiary totaling twenty four percent (24%) of the total capital stock issued and outstanding to certain individuals and/or trusts outside the

parties' original Agreement was carried out by transferring stock originally allocated to Defendant Adabla.

50. Defendant Adabla was fully aware of the Agreement between Plaintiff and Defendants, had been furnished with a copy of it and had corresponded with Plaintiff and with the other Defendants on numerous occasions regarding the subject matter of the Agreement.

51. Defendant Chife, as the Chief executive Officer of Socket-Works Nigeria, Ltd. was also fully aware of the Agreement between Plaintiff and the Defendants, had been furnished with a copy of it and had corresponded with Plaintiff and the other Defendants on numerous occasions regarding the subject matter of the Agreement.

52. Defendants Adabla and Chife wrongfully, knowingly, intentionally and maliciously interfered with the consummation of the Agreement by causing and/or permitting transfer to third parties of stock totaling twenty four percent (24%) of the total capital stock of the Ghana subsidiary.

53. The aforesaid interference with Plaintiff's existing contractual relationship with Defendants is continuing and intentional and has proximately resulted and/or will proximately result in damage to Plaintiff, in an amount to be proven but not less than Five Million Dollars ($5,000,000.00).

## AS AND FOR A TENTH CAUSE OF ACTION - (GHANA)

54. Plaintiff repeats, reiterates and realleges paragraphs one through fifty-three above as though the same were set forth fully at length herein.

10

55. The actions of Defendant Adabla were aided and abetted by Defendants SocketWorks Nigeria, Ltd. and Nwachukwu in that stock transfers, under the terms of the Shareholders Agreement, could not be made without their prior knowledge.

56. Defendants' actions are causing and will continue to cause irreparable harm to Plaintiff.

57. Defendants' actions are directly interfering with Plaintiff's rights in respect of its stock ownership and its rights to enjoy the benefits of the non-circumvention provisions of the parties Agreement, and the damages arising and flowing from such interference are of such a serious and long lasting nature as to require enjoining and restraining these Defendants from continuing to violate the terms of the Agreement.

58. These breaches and violations of the Agreement are without the consent of Plaintiff and are continuing despite the fact that Plaintiff has objected to and protested to these acts.

59. Plaintiff is entitled to an order restraining and enjoining the Defendants, pending the determination of this action and perpetually, from making any further transfers or conveyances of stock in the Ghana subsidiary or otherwise interfering with Plaintiff's rights in respect of its stock ownership therein.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION - (GHANA)

60. Plaintiff repeats, reiterates and realleges paragraphs one through fifty-nine above as though the same were set forth fully at length herein.

11

61. Plaintiff brings this claims derivatively on behalf of the Ghana subsidiary, since its business and prospects have been materially harmed by the Defendants' actions, and individually since the Defendant's actions have specifically damaged Plaintiff.

62. Plaintiff has not demanded that the other Defendants bring an action against the Ghana subsidiary since any such demand would be futile in light of the fact that Defendant Adabla operates the Uganda subsidiary and Defendants SocketWorks Nigeria, Ltd. and Adabla effectively own ninety-five percent (95%) of the shares in the company and therefore have complete control over the company.

63. Plaintiff requests that the Court direct Defendants to account to Plaintiff for all damages sustained and to be sustained by it as a result of the actions complained of herein.

## AS AND FOR A TWELFTH CAUSE OF ACTION - (LIBERIA)

64. Plaintiff repeats, reiterates and realleges paragraphs one through sixty-three above as though the same were set forth fully at length herein.

65. Pursuant to the Agreement, as a result of further intro-ductions made by Plaintiffs, the parties herein agreed that Defendant SocketWorks Nigeria, Ltd. would create a subsidiary corporation in Liberia, to be known as SocketWorks Liberia (the Liberian subsidiary) and that the amount of stock in the Liberian subsidiary which Plaintiff would receive as compensation under the Agreement was three percent (3%) of the total shares issued and outstanding.

12

66. Plaintiff has made repeated demands that Defendants issue to him his agreed-upon shares of stock in the Liberian subsidiary.

67. Defendants have failed and refused to do so, thereby breaching the Agreement, and damaging Plaintiff in an amount to be proven at trial but believed to be not less than Five Million Dollars ($5,000,000.00).

## AS AND FOR A THIRTEENTH CAUSE OF ACTION - (LIBERIA)

68. Plaintiff repeats, reiterates and realleges paragraphs one through sixty-seven above as though the same were set forth fully at length herein.

69. Plaintiff has no adequate remedy at law.

70. Plaintiff respectfully requests his Court issue a judgment declaring Plaintiff to be the legal, equitable and beneficial owner of three percent (3%) of the total shares issued and outstanding of the Liberian subsidiary of Defendants SocketWorks Nigeria, Ltd.

71. Plaintiff further requests that this Court impose a constructive trust upon such shares so as to charge Defendants, their agents and employees and all those acting in concert with them, with the obligation to safeguard and secure Plaintiff's shares.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION - (LIBERIA)

72. Plaintiff repeats, reiterates and realleges paragraphs one through seventy-one above as though the same were set forth fully at length herein.

13

73. Plaintiff requests that this court issue a preliminary and a permanent injunction directing SocketWorks Nigeria, Ltd. to issue shares of stock in the Liberian subsidiary to Plaintiffs pursuant to the Agreement herein alleged and to physically deliver said shares to Plaintiffs forthwith.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION

74. Plaintiff repeats, reiterates and realleges paragraphs one through seventy-three above as though the same were set forth fully at length herein.

75. As a result of Plaintiff's introductions as set forth in the Agreement, Defendant Nwachukwu became the Senior Vice President of Corporate Development in SocketWorks Nigeria, Ltd., for which he receives a salary of $180,000 per annum. Upon information and belief, Defendant SocketWorks Nigeria, Ltd. and Defendant Chife have promised Nwachukwu that his compensation will include a significant stake in SocketWorks Nigeria.

76. Pursuant to the Agreement, any and all benefits received by Nwachukwu are subject to a finders' fee payable to Plaintiff. Accordingly, all salary and/or equity promised to Nwachuku are both subject to the finders' fee due Plaintiff under the Agreement.

77. Plaintiff requests that Defendant Nwachukwu and Defendant SocketWorks Nigeria, Ltd. furnish an accounting as to all benefits paid and/or conferred on Defendat Nwachukwu, and that Plaintiff have judgment in an amount equal to the finders' fee payable thereupon pursuant to the Agreement.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION - (LIBERIA)

78. Plaintiff repeats, reiterates and realleges paragraphs one through seventy-seven above as though the same were set forth fully at length herein.

79. Plaintiff has no adequate remedy at law.

80. Plaintiff respectfully requests his Court issue a judgment declaring Plaintiff to be the legal, equitable and beneficial co-owner along with Defendant Nwachukwu, of any and all stock issued, or to be issued, to him in SocketWorks Nigeria, Ltd.

81. Plaintiff further requests that this Court impose a constructive trust upon such shares so as to charge Defendants, their agents and employees and all those acting in concert with them, with the obligation to safeguard and secure Plaintiff's shares.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION - (LIBERIA)

82. Plaintiff repeats, reiterates and realleges paragraphs one through eighty-one above as though the same were set forth fully at length herein.

83. Defendant Chife was fully aware of the Agreement between Plaintiff and the Defendants regarding the Liberia subsidiary and has conspired with Defendant Nwachukwu to defeat Plaintiff's rights under the Agreement.

84. Defendants Chife and Nwachukwu have wrongfully, knowingly, intentionally and maliciously interfered with the consummation of the Agreement by refusing to carry out the parties' Agreement with respect to the Liberia subsidiary.

15

85. The aforesaid interference with Plaintiff's existing contractual relationship with the Defendants is continuing and intentional and has proximately resulted and/or will proximately result in damage to Plaintiff, in an amount to be proven at trial but not less than Five Million Dollars ($5,000,000.00).

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION - (LIBERIA)

86. Plaintiff repeats, reiterates and realleges paragraphs one through eighty-five above as though the same were set forth fully at length herein.

87. The actions of Defendants are causing and will continue to cause irreparable harm to Plaintiff.

88. The actions of Defendants are directly interfering with Plaintiff's rights in respect of its stock ownership and its rights to enjoy the benefits of the non-circumvention provisions of the parties Agreement, and the damages arising and flowing from such interference are of such a serious and long lasting nature as to require enjoining and restraining these Defendants from continuing to violate the terms of the Agreement.

89. The breaches and violations of the Agreement as aforesaid are without the consent of Plaintiff and are continuing despite the fact that Plaintiff has objected to and protested such acts by the Defendants.

90. As a consequence of the foregoing, Plaintiff is entitled to an order restraining and enjoining the Defendants, pending the determination of this action and perpetually, from making any

further transfers or conveyances of stock in the Liberia subsidiary corporation, and from otherwise interfering with Plaintiff's rights in respect of its stock ownership therein.

## AS AND FOR A NINETEENTH CAUSE OF ACTION - (LIBERIA)

91. Plaintiff repeats, reiterates and realleges paragraphs one through ninety above as though the same were set forth fully at length herein.

92. Plaintiff brings this claims derivatively on behalf of the Liberia subsidiary, since its business and prospects have been materially harmed by the Defendants' actions, and individually since the Defendant's actions have specifically damaged Plaintiff.

93. Plaintiff has not demanded that the other Defendants bring an action against the Liberia subsidiary since any such demand would be futile.

94. Plaintiff requests that the Court direct Defendants to account to Plaintiff for all damages sustained and to be sustained by it as a result of the actions complained of herein.

## AS AND FOR A TWENTIETH CAUSE OF ACTION AGAINST DEFENDANT CHIFE

95. Plaintiff repeats, reiterates and realleges paragraphs one through ninety-four above as though the same were set forth fully at length herein.

96. At all times material hereto, Defendant Chife was the Chief Executive Offier of Defendant SocketWorks, Nigeria, Ltd.

97. As such, Defendant Chife was in a position to interfere with the efforts of individuals elsewhere in the SocketWorks group of companies in their efforts to perform their obligations to Plaintiffs as stated under the Agreement.

98. Defendant Chife was also fully aware of the Agreement made between Plaintiff and the Defendants, had been furnished with a copy of it and had corresponded with Plaintiff and the other Defendants on numerous occasions regarding the subject matter of the Agreement, and the subject matter of further agreements and/or undertakings that were made to Plaintiff pursuant to and in accordance with the Agreement.

99. Defendant Chife wrongfully, knowingly, intentionally and maliciously interfered with the attempts by the other Defendants to consummate the performance of their obligations to Plaintiff under the Agreement.

100. The aforesaid interference with Plaintiff's existing contractual relationship with Defendants is continuing and intentional and has proximately resulted and/or will proximately result in damage to Plaintiff, in an amount to be proven but not less than Ten Million Dollars ($10,000,000.00).

**WHEREFORE**, Plaintiffs demands judgment against defendants, jointly and severally, as follows:

(a) on the first cause of action, judgment in favor of Plaintiffs and against Defendants in an amount to be proven but no less than Five Million Dollars, together with interest, costs, reasonable attorneys' fees as expressly provided for in the parties' Agreement, and punitive damages;

(b) on the second cause of action, a judgment declaring Plaintiff to be the legal, equitable and beneficial owner of three

18

percent (3%) of the total shares issued and outstanding of the Uganda subsidiary of Defendants SocketWorks Nigeria, Ltd. And imposing a constructive trust upon such shares so as to charge Defendants, their agents and employees and all those acting in concert with them, with the obligation to safeguard and secure Plaintiff's shares;

(c) on the third cause of action, a preliminary and permanent injunction directing the Defendants to issue shares of stock in the Uganda subsidiary to Plaintiffs pursuant to the Agreement herein alleged and to physically deliver said shares to Plaintiffs forthwith;

(d) on the fourth cause of action, a judgment directing Defendants to account to Plaintiff for all damages sustained and to be sustained by it as a result of the Defendants' actions with respect to the Uganda subsidiary;

(e) on the fifth cause of action, judgment in favor of Plaintiffs and against Defendants in an amount to be proven but no less than Five Million Dollars, together with interest, costs, reasonable attorneys' fees as expressly provided for in the parties' Agreement, and punitive damages;

(f) on the sixth cause of action, a judgment declaring Plaintiff to be the legal, equitable and beneficial owner of three percent (3%) of the total shares issued and outstanding of the Ghana subsidiary of Defendants SocketWorks Nigeria, Ltd. And imposing a constructive trust upon such shares so as to charge Defendants, their agents and employees and all those acting in concert with them, with the obligation to safeguard and secure Plaintiff's shares;

(g) on the seventh cause of action, a preliminary and a permanent injunction directing SocketWorks Nigeria, Ltd. to issue shares of stock in the Ghana subsidiary to Plaintiffs pursuant to the Agreement herein alleged and to physically deliver said shares to Plaintiffs forthwith.

(h) on the eighth cause of action, an order restraining and enjoining the Defendants, pending the determination of this action and perpetually, from making any further transfers or conveyances of stock in the Ghana subsidiary corporation, and from otherwise interfering with Plaintiff's rights in respect of its stock ownership therein;

(i) on the ninth cause of action, judgment in favor of Plaintiffs and against Defendants in an amount to be proven but no less than Five Million Dollars, together with interest, costs, reasonable attorneys' fees as expressly provided for in the parties' Agreement, and punitive damages;

19

(j) on the tenth cause of action, n order restraining and enjoining the Defendants, pending the determination of this action and perpetually, from making any further transfers or conveyances of stock in the Ghana subsidiary corporation, and from otherwise interfering with Plaintiff's rights in respect of its stock ownership therein;

(k) on the eleventh cause of action, a judgment directing the Defendants to account to Plaintiff for all damages sustained and to be sustained by it as a result of the Defendants' actions with respect to the Ghana subsidiary;

(l) on the twelfth cause of action, judgment in favor of Plaintiffs and against Defendants in an amount to be proven but no less than Five Million Dollars, together with interest, costs, reasonable attorneys' fees as expressly provided for in the parties' Agreement, and punitive damages;

(m) on the thirteenth cause of action, a judgment declaring Plaintiff to be the legal, equitable and beneficial owner of three percent (3%) of the total shares issued and outstanding of the Liberian subsidiary of Defendants SocketWorks Nigeria, Ltd. And imposing a constructive trust upon such shares so as to charge Defendants, their agents and employees and all those acting in concert with them, with the obligation to safeguard and secure Plaintiff's shares;

(n) on the fourteenth cause of action, a preliminary and a permanent injunction directing SocketWorks Nigeria, Ltd. to issue shares of stock in the Liberian subsidiary to Plaintiffs pursuant to the Agreement herein alleged and to physically deliver said shares to Plaintiffs forthwith;

(o) on the fifteenth cause of action, an order directing Defendant Nwachukwa to account to Plaintiffs for all benefits received by him;

(p) on the sixteenth cause of action, a judgment declaring Plaintiff to be the legal, equitable and beneficial co-owner along with Defendant Nwachukwu, of any and all stock issued, or to be issued, to him in SocketWorks Nigeria, Ltd., and imposing a constructive trust upon such shares so as to charge Defendant, his agents and employees and all those acting in concert with them, with the obligation to safeguard and secure Plaintiff's shares;

(q) on the seventeenth cause of action, judgment against Chife and Nwachukwu, jointly and severally, in an amount to be proven but no less than Five Million Dollars, together with interest, costs, reasonable attorneys' fees as expressly provided for in the parties' Agreement, and punitive damages;

(r) on the eighteenth cause of action, an order restraining and enjoining the Defendants, pending the determination of this action and perpetually, from making any further transfers or conveyances of stock in the Liberia subsidiary corporation, and from otherwise interfering with Plaintiff's rights in respect of its stock ownership therein.

(s) on the nineteenth cause of action, a judgment directing the Defendants to account to Plaintiff for all damages sustained and to be sustained by it as a result of the Defendants' actions with respect to the Ghana subsidiary;

(t) on the twentieth cause of action, judgment against Chife and Nwachukwu, jointly and severally, in an amount to be proven but no less than Five Million Dollars, together with interest, costs, reasonable attorneys' fees as expressly provided for in the parties' Agreement, and punitive damages;

(u) together with such other, further and additional relief as this Court may deemed just and proper, including interests, costs and attorneys' fees.

Dated:  New York, New York
        December 4, 2007

                              MARC E. ELLIOTT, P.C.

                              By: _____
                                  Marc E. Elliott  (MEE 9694)
                              Attorneys for Plaintiffs
                              MADU, EDOZIE & MADU, P.C. and
                              JOHN EDOZIE
                              The Woolworth Building
                              233 Broadway - 5th Floor
                              New York, New York  10017
                              (212) 766 - 4800

21

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JUDGE LEISURE

---

MADU, EDOZIE & MADU, P.C. and
JOHN EDOZIE

Plaintiff,

-v-

SOCKETWORKS LIMITED NIGERIA, et al

Defendant.

---

07 CV 11028

Case No.

**Rule 7.1 Statement**

Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local
General Rule 1.9] and to enable District Judges and Magistrate Judges of the Court
to evaluate possible disqualification or recusal, the undersigned counsel for

PLAINTIFFS                                                     (a private non-governmental party)

certifies that the following are corporate parents, affiliates and/or subsidiaries of
said party, which are publicly held.

NONE.

RECEIVED
DEC 05 2007
U.S.D.C. S.D. N.Y.
CASHIERS

**Date:**    DECEMBER 5, 2007

**Signature of Attorney**

**Attorney Bar Code:** MOE 9694

ORIGINAL-WHITE          DUPLICATE-YELLOW          TRIPLICATE-PINK

RECEIPT FOR PAYMENT
## UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF NEW YORK

E 635057

RECEIVED FROM          *Marc E. Elliott*
at

*07cv 11028 (PKL)*

*MARC ELLIOTT KLEIN vs SOCKETWORKS*

| Fund | |
|---|---|
| 6855XX | Deposit Funds |
| 604700 | Registry Funds |
| | General and Special Funds |
| 508800 | Immigration Fees |
| 085000 | Attorney Admission Fees |
| 086900 | Filing Fees |
| 322340 | Sale of Publications |
| 322350 | Copy Fees |
| 322360 | Miscellaneous Fees |
| 143500 | Interest |
| 322380 | Recoveries of Court Costs |
| 322386 | Restitution to U.S. Government |
| 121000 | Conscience Fund |
| 129900 | Gifts |
| 504100 | Crime Victims Fund |
| 613300 | Unclaimed Monies |
| 510000 | Civil Filing Fee (½) |
| 510100 | Registry Fee |

Checks and drafts are accepted subject to col-
lection and full credit will only be given when the
check or draft has been accepted by the financial
institution on which it was drawn.

DEPUTY CLERK:

| DATE: | | Cash | Check | M.O. | Credit |
|---|---|---|---|---|---|
| 20___ | | | | | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| MADU, EDOZIE & MADU, P.C. and JOHN EDOZIE<br><br>-v-<br><br>SOCKETWORKS LIMITED NIGERIA, et al | Plaintiff,<br><br>07 CV 11028<br>Case No. _____<br><br>**Rule 7.1 Statement** |
| | Defendant. |

Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local General Rule 1.9] and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for

PLAINTIFFS _____ (a private non-governmental party)

certifies that the following are corporate parents, affiliates and/or subsidiaries of said party, which are publicly held.

NONE.

RECEIVED
DEC 0 5 2007
U.S.D.C. S.D. N.Y.
CASHIERS

**Date:** ___DECEMBER 5, 2007___

_____
**Signature of Attorney**

**Attorney Bar Code:** _ME 9694_